1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                     San Francisco Division

11   WYNN BREWER,                           Case No. 19-cv-01055-LB

12              Petitioner,

13        v.                                **ORDER TO SHOW CAUSE**
                                            Re: ECF No. 1
14   ROBERT NEUSCHMID,

15              Respondent.

16

17                        **INTRODUCTION**

18        Petitioner Wynn Brewer is currently incarcerated at California State Prison Solano in

19   Vacaville, California, serving a 25-years-to-life sentence for conspiracy to commit murder, plus a

20   three-year sentence, to run consecutively, for being a felon in possession of a firearm.[1] Mr. Brewer

21   brings a petition for writ of habeas corpus. Mr. Brewer's petition is now before the court for

22   review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

23   Courts.[2] This order requires the respondent, Warden Robert Neuschmid, to respond to the petition.

24

25   _____

     [1] Pet. – ECF No. 1 at 1 (¶¶ 2–3, 6). Citations refer to material in the Electronic Case File ("ECF");
26   pinpoint citations are to the ECF-generated page numbers at the top of documents.

27   [2] Rules Governing Section 2254 Cases in the United States District Courts (2010), *available at*
     https://www.uscourts.gov/sites/default/files/rules-governing-section-2254-and-section-2255-
     proceedings.pdf.
28

The Alameda County District Attorney's Office charged Mr. Brewer and two other defendants, Patrick Shields and Cyrico Robinson, in a four-count indictment. *See People v. Shields*, No. A145226, 2017 WL 3634208, at *1 (Cal. Ct. App. Aug. 24, 2017).[3] Count one charged Mr. Brewer, Mr. Shields, and Mr. Robinson with conspiracy to commit murder. *See id.* Count two charged Mr. Brewer with attempted first-degree murder of a Rahim Muhammad. *See id.* Count three charged Mr. Brewer with being a convicted felon in possession of a firearm. *See id.* Count four charged Mr. Shields with attempted first-degree murder of Mr. Muhammad. *See id.*

The defendants argued that what actually happened was a conspiracy to commit assault, which had not been charged. *See id.* at *4. The trial court held that assault is not a lesser-included offense of murder or attempted murder. *See id.* The trial court stated that it might be a lesser-related offense if the prosecution would agree to it. *See id.* The prosecutor stated that he would not agree to such an instruction. *See id.* The trial court stated a defendant has no right to an instruction on a lesser-related offense even if he requests it and it would have been supported by substantial evidence, because California law does not permit a court to instruct concerning an uncharged lesser-related offense unless both parties agree to it. *See id.*

At the conclusion of the prosecutor's case, the court granted Mr. Shields's motion to dismiss count four. *See id.* at *1. The jury deadlocked on count two, and the prosecutor moved to dismiss that count. *See id.* The jury ultimately found Mr. Brewer and Mr. Shields guilty of count one (conspiracy to commit murder) and Mr. Brewer guilty of count three (being a felon in possession). *See id.* The trial court sentenced Mr. Brewer and Mr. Shields to terms of 25 years to life for conspiracy and sentenced Mr. Brewer to three years, to run consecutively, for being a felon in possession. *See id.* at *2.

Mr. Brewer appealed to the California Court of Appeal, arguing that the trial court erred in not instructing the jury on conspiracy to commit assault with a firearm and conspiracy to commit

---

[3] *See* Pet. – ECF No. 1 at 8–12 (¶ 7) (quoting Court of Appeal opinion); Pet. Ex. A – ECF No. 1 at 28–47 (attaching Court of Appeal opinion).

voluntary manslaughter as lesser included offenses of conspiracy to commit murder. *Id.* at *4. Mr. Brewer also argued that the trial court erred in imposing a consecutive three-year sentence on him for being a felon in possession. *Id.* at *9. The Court of Appeal rejected Mr. Brewer's challenges and affirmed his conviction and sentence. *Id.* at *10. Mr. Brewer filed a petition for review in the California Supreme Court.[4] The Supreme Court denied his petition.[5]

Mr. Brewer now brings this petition for writ of habeas corpus, arguing that "[t]he trial court's failure to instruct the jury as to the lesser included crime of conspiracy to commit assault denied Petitioner his Fourteenth Amendment right to Due Process."[6]

## ANALYSIS

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only when the allegations in the petition are vague or conclusory or palpably incredible, or patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations, quotation marks, and brackets omitted). The court cannot say that Mr. Brewer's claims are vague, conclusory, palpably incredible, or patently frivolous or false. The respondent must respond to Mr. Brewer's claims.

## CONCLUSION

For the foregoing reasons,

    1.  Mr. Brewer's petition warrants a response.

---

[4] Pet – ECF No. 1 at 8 (¶ 5).

[5] *Id.*

[6] *Id.* at 12 (¶ 8). Mr. Brewer does not raise a challenge here to his conviction or sentence for being a felon in possession.

2. The clerk must serve by mail a copy of this order, the petition and all attachments thereto upon the respondent.

3. The clerk also must serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent.

4. By April 30, 2019, the respondent must file and serve upon Mr. Brewer an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

5. Mr. Brewer may submit a reply to the respondent's answer. Should he wish to do so, he must file and serve upon the respondent the reply by May 30, 2019.

The matter will be taken under submission, or set for hearing, in the court's discretion.

**IT IS SO ORDERED.**

Dated: March 1, 2019

_____
LAUREL BEELER
United States Magistrate Judge