UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYNN BREWER,<br><br>       Plaintiff,<br><br>    v.<br><br>ROBERT NEUSCHMID,<br><br>       Defendant. | Case No. 19-cv-01055-VC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 1 |

      A jury convicted Wynn Brewer of conspiracy to commit murder and being a felon in possession. Cal. Penal Code §§ 182(a)(1), 187(a), 12021(a)(1). The sole claim raised by the Brewer's petition for a writ of habeas corpus relates to the denial of his request that the jury be instructed on his alternative theories of conspiracy to commit assault with a firearm and conspiracy to commit voluntary manslaughter. Brewer contends that the trial court's refusal to provide these jury instructions violated the Fourteenth Amendment's Due Process Clause.

      As Brewer admits, he did not present the voluntary-manslaughter aspect of this claim to the California Supreme Court on direct review. *See* Petition for Review at 4, Dkt. No. 13-27; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because a state-law remedy is no longer available, this claim is procedurally defaulted. *See Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc).

      Brewer has not identified any cause that would excuse this procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). And in any event, California does not recognize the offense of conspiracy to commit voluntary manslaughter. *People v. Cortez*, 18 Cal. 4th 1223, 1232 (1998). One can't conspire to "act rashly or without due deliberation and reflection" in

reaction to a provocation. *People v. Berry*, 18 Cal. 3d 509, 515 (1976). Although Brewer invokes the fundamental-miscarriage-of-justice exception to procedural default, that path is available only when the petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). That factual showing has not been made in this case.

As to the exhausted component of the claim, the California Court of Appeal held that conspiracy to commit assault with a firearm is not a lesser included offense of conspiracy to commit murder. *People v. Shields*, 2017 WL 3634208, at *5–6 (Cal. Ct. App. Aug. 24, 2017). That holding may not be revisited on this petition. Under the well-established division of labor, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). The absence of a lesser included offense dooms Brewer's claim because the Supreme Court has repudiated the proposition that a defendant has a constitutional right to instruct the jury on a lesser *related* offense. *Hopkins v. Reeves*, 524 U.S. 88, 96–98 (1998).

Even assuming (counterfactually) that conspiracy to commit assault with a deadly weapon were a lesser included offense of conspiracy to commit murder, it nevertheless would be "not clear" whether Brewer was "constitutionally entitled to a lesser included instruction in [his] noncapital case." *United States v. Carothers*, 630 F.3d 959, 967 (9th Cir. 2011). The Ninth Circuit has recognized that a non-capital defendant might have a right to a lesser included instruction under certain circumstances, but the Supreme Court has never announced such a right outside of the capital context. *Solis v. Garcia*, 219 F.3d 922, 928–29 (9th Cir. 2000); *see Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980). Section 2254(d)(1) "does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 572 U.S. 415, 426 (2014) (emphasis in original).

A certificate of appealability will not issue because reasonable jurists would not find "the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c).

    **IT IS SO ORDERED.**

Dated: October 28, 2019

                                                  VINCE CHHABRIA
                                                  United States District Judge